HERMINIA BURSET, Appellant, *v.* REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

No. 964.   Submitted November 4, 1935.—Decided November 13, 1935.

*F. González Fagundo* and *Burset & Pérez Pimentel* for appellant. The registrar appeared by brief.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Herminia Burset and the heirs of Manuel Ortiz brought an action for partition against the heirs of José Manuel Anguita, one of whom was the minor José Manuel Anguita, represented by his mother with *patria potestas,* Marina Salas. Judgment was rendered declaring that the property held in common, which is a house, was indivisible, and the sale thereof at public auction was ordered at the minimum price of $3,000. After the parties had been notified of the judgment, they all appeared before the court and stipulated that they had reached an agreement whereby they would sell the property to the part-owner, Herminia Burset, for the price of $2,700, as they thought that the sum of $3,000 was somewhat high.

The minor José Manuel Anguita was represented in that proceeding by his mother, Marina Salas, widow of Anguita.

Request was made that the court approve said stipulation, as it involved the rights of minors, and that the judgment serve as judicial authorization for the sale. The district court rendered judgment authorizing the sale requested, fixing the value of the property at $2,700, and ordered that the judgment serve also as judicial authorization for said sale by the persons in whose care the minors interested were. In accordance with the judgment rendered, Mrs. Marina Salas, widow of Anguita, for herself and on behalf of her son José Manuel Anguita, sold to Herminia Burset a one-half interest which he held in the property for the price of $1,350.

The corresponding deed was presented for record in the Registry of Property of Humacao, together with a certified copy of the stipulation entered into by the parties and of the judgment rendered by the District Court of Humacao, and the registrar refused to make the record as to the sale of the interest belonging to the minor José Manuel Anguita, because such conveyance was made without a prior public sale and without compliance with the other requisites for the alienation of property of minors prescribed by section 159 of the Civil Code, 1930 ed., in connection with the Law of Special Legal Proceedings, and also because the judgment which served as a basis for the sale did not expressly authorize the conveyance of the undivided interest of said minor in the lot itself upon which the house the object of the judgment was built.

Two errors are attributed to the registrar of property. It is urged that said registrar erred in applying to this case section 159 of the Civil Code instead of applying section 338 of said code, and in refusing to make the record on the ground that no compliance was had with the provisions of Law of Special Legal Proceedings.

■■ Appellant admits that section 159 of the Civil Code does not empower the father or the mother to alienate or encumber real property belonging to the minor children with-

out judicial authorization, upon proof of the utility and the necessity of sale, and that in order to comply with said provision of substantive law the procedure prescribed by sections 80, 81, and 82 of the Law of Special Legal Proceedings (Comp. Stat. 1911, secs. 1619–1621) must be followed. But appellant adds that these sections apply only to voluntary sales proposed by minors, represented by their father or mother with *patria potestas,* or by a guardian, but that they do not apply to sales which have become necessary in accordance with section 338 of the Civil Code, which reads as follows:

"When the thing held in common is essentially indivisible, and the part-owners cannot agree that it be adjudged to one of them, he indemnifying the others, then it shall be sold and the proceeds distributed."

Appellant maintains that if a public sale is authorized she will run the risk of losing the right given by section 338 to acquire the property, because bidders may appear and deprive appellant of such right. It is true that the co-owners may agree that the property held in common be awarded to one of them, but unanimous consent is required therefor in accordance with the provisions of the law. And the law, in the case of minors, provides that when the sale of real property is sought, judicial authorization shall be obtained and the public auction held before the marshal of the court. In order that the minor may give his consent it is necessary that the legal requirements be complied with. Otherwise it can not be said that a valid consent has been given. The minor lacks authority to consent that the property be awarded to one of the co-owners, as a sale to the highest bidder at public auction can not be dispensed with. We are confronted, therefore, with the case provided for by section 338 of the Civil Code which prescribes that if the thing held in common is essentially indivisible and the co-owners do not agree that it be awarded to one of them, it shall be sold and the pro-

50

ceeds distributed. The court originally so ordered, and directed that the property be sold at public auction. This must be done, to guarantee the rights of the minor, who legally has not given his consent, even though the other co-owners have agreed to sell the property to appellant. This is not the case of a partition of common property, but of a complete alienation of the entire interest held by the minor in the property. For the partition of a thing held in common, the minors do not need judicial authorization and a sale at public auction, when they are represented by their father, or in a proper case, by their mother (*Sánchez* v. *Registrar of Property,* 21 P.R.R. 453); but they do need it to convey their interest in the property.

In the case at bar it is sought to sell to the appellant all the interest held by the minor in the common property. And if in the case of a sale to a stranger, or to one of the co-owners, when the others can not agree, judicial authorization and a sale at public auction are necessary in order to enable the minor to convey his interest, these requisites must also be necessary when the other co-owners, with the exception of the minor, who can not legally consent, agree that the property be awarded to one of the co-owners.

The decision appealed from must be affirmed.